IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,        No CR-05-0001 VRW

    v

CALVIN WILLIAMS,        ORDER

    Defendant.

_____/

        Defendant has requested clarification regarding the sentence he received from this court on October 18, 2005 for his violation of 18 USC § 922(g)(1). Doc #21.

        On November 3, 2004, San Francisco Police Department officers arrested defendant for the unlawful possession of a firearm. Id at 1. The state charged defendant with possession of a firearm in violation of his state parole conditions and imposed a sentence of one year in prison. Id at 2.

        On January 4, 2005, an indictment was filed in federal court charging defendant as a felon in possession of a firearm in

violation of 18 USC § 922(g)(1).  Id.  This indictment arose from the same gun possession arrest that was the basis for the state parole violation.  Id.  Defendant appeared in federal court on May 23, 2005 and later signed a plea agreement on July 12, 2005 wherein he would receive a sentence between forty-six to fifty-seven months imprisonment.  Id.  On October 18, 2005, this court sentenced defendant to fifty-four months imprisonment with supervised release for three years and remanded him to federal custody.  The judgment did not give defendant credit for the time served in state custody for the parole violation and did not order defendant's federal sentence to run concurrently to his state sentence.

Defendant requests clarification regarding whether he can receive credit for the time he spent serving his state sentence. Defendant asserts that under federal sentencing guideline 5G1.3(b), his state and federal sentences should have been running concurrently as to avoid any "double counting".

Note 6 of United States Sentencing Guideline 5G1.3 explicitly states that if the defendant was on state parole at the time of the instant offense and has had such parole revoked, "the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of * * * parole * * * in order to provide an incremental penalty for the violation of * * * parole * * *."  This note directly applies to defendant's case since he received the state sentence for violating his parole and his parole has since been revoked.  Accordingly, defendant is not entitled to receive credit for his time spent serving his state sentence.

2

          **Defendant's sentence of fifty-four months in prison runs consecutively to his state sentence of one year in prison. Defendant was discharged from his state sentence on November 3, 2005 and his federal sentence of fifty-four months thus began on that date. This is in accord with the findings of the federal Bureau of Prisons's response to defendant's request for administrative remedy dated July 7, 2007, which defendant submitted to the court with his request. Doc #21.**

          **IT IS SO ORDERED.**

*[signature]*

**VAUGHN R WALKER**
**United States District Chief Judge**